# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GRETA K. CLOUD, | : | |
| Plaintiff, | : | Case No. 3:11cv00007 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the Motion by Plaintiff's Attorney for Fees and Costs Under Equal Access To Justice Act (EAJA), 28 U.S.C. Sections 2412(a) and (d) (Doc. No.10), Defendant's Response, and the record as a whole.

Plaintiff's attorney seeks a total EAJA award of $3,512.00. Her counsel calculates this proposed award by multiplying 18.5 hours (attorney work performed on this case in this Court) times $170.00 (hourly rate) plus $367.00 in costs. Defendant does "not object to an award to Plaintiff of fees and costs in the amount of $3,512.00." (Doc. No. 86). Because the parties do not dispute that such an award is warranted under the EAJA in this

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

case, an award in the total amount of $3,512.00 is appropriate under the EAJA.

Defendant objects, however, to the extent the motion requests an Order requiring payment of the EAJA award directly to Plaintiff's counsel.

Defendant's objection arises under *Ratliff v. Astrue*, __U.S.__, 130 S.Ct. 2521, 2524 (2010), in which the Court held that a "§2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In so holding, the Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney. __U.S. at __, 130 S.Ct. at 2528-29. The Court further noted that, based on the record before it, "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id*. at 2529 (internal quotation marks omitted).

In the present case, the record lacks evidence tending to show that Plaintiff in fact owes a pre-existing debt to the United States that might cause his EAJA award to be subject to an offset under *Ratliff*. Defendant notes, "If the Court enters an award for Plaintiff, and the Agency can subsequently verify that Plaintiff owes no pre-existing debt, the Agency will agree to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment by Plaintiff and [her] counsel." (Doc. No. 11, PageID 87 at n.1). Because the Defendant effectively acknowledges that it does not know whether Plaintiff owes it a pre-existing debt to the federal government, no ripe *Ratliff* issue exists. This conclusion is confirmed by *Ratliff* itself, where the government sought

an EAJA offset based on its knowledge that the plaintiff owed it a debt that pre-dated the district court's approval of the EAJA award. 130 S.Ct. at 2424-25. In the present case, the Commissioner lacks such knowledge, and there is consequently no ground for the Commissioner to avoid or delay honoring Plaintiff's assignment of his EAJA fees to counsel. *Cf. Ratliff*, __U.S. at __, 130 S.Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.")(Sotomayor, J., concurring).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Motion by Plaintiff's Attorney for Fees and Costs Under Equal Access To Justice Act (Doc. No.10) be **GRANTED** and Plaintiff be granted an award of attorney fees and costs under the EAJA in the total amount of 3,512.00.

2. Defendant be directed to verify, **within fourteen days of an Order adopting this Report and Recommendations,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing date exists, Defendant be ordered to pay the EAJA award directly to Plaintiff's counsel.

3. The case remains terminated on the docket of this Court.

February 29, 2012

                s/Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).